# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM CLIFFORD WOODS, JR., | ) ) ) |
| Plaintiff, | ) ) |
| | ) CIVIL ACTION |
| v. | ) ) Case No. 10-2362-JTM-DJW |
| WYANDOTTE COUNTY DISTRICT ATTORNEY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay Discovery (ECF No. 8) filed on July 23, 2010. Defendant asks the Court to stay all proceedings under Fed. R. Civ. P. 26, including the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to Rule 26(a)(1), scheduling conference, discovery and all other Rule 26 activities pending resolution of Defendant's Motion to Dismiss (ECF No. 6) that invokes Eleventh Amendment immunity. Any response to Defendant's Motion was due August 6, 2010. Plaintiff, who is proceeding *pro se* in this matter, has not filed an opposition to Defendant's Motion. Although the Court may grant the Motion as uncontested,[1] because of the nature of the relief requested, the Court will consider Defendant's Motion on the merits. For the reasons set forth below, the Motion is granted.

---

[1] *See* D. Kan. Rule 7.4(b) ("Absent a showing of excusable neglect, a party or attorney who fails to file a response brief or memorandum . . . waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed . . . , the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

The general policy in the District of Kansas is not to stay discovery even if a dispositive motion is pending.[2] However, in *Wolf v. United States*,[3] the court held that it is appropriate for a court to stay discovery until a pending dispositive motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

In the present case, the Court finds that a stay is appropriate under the *Wolf* factors. First, Defendant's pending Motion to Dismiss (ECF No. 6), if granted, would resolve all of the claims pending in this case. Second, additional discovery would not affect resolution of the Motion to Dismiss, which seeks judgment on the grounds that Defendant is entitled to Eleventh Amendment immunity. Finally, the Court concludes that discovery would be wasteful and burdensome at this point.

The Court also finds a stay to be appropriate given that Defendant's Motion to Dismiss raises issues as to Eleventh Amendment immunity. Defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6]

---

[2] *Wolf v. United Sates*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[3] *Id.*

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[5] *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[6] *Id.* at 232.

The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[7]

For the foregoing reasons, the Court will grant Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 8) is granted. All discovery and pretrial proceedings are hereby stayed until the Court has ruled on Defendant's pending Motion to Dismiss (ECF No. 6).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of October 2010.

   s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

---

[7] *Id.* at 233; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).